*CH*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Innocent Likonga KASONGO, Individually
and as Special Administrator of the
Estate of Jacqueline Makombe, Deceased

                            Plaintiff,

v.                                          Civil Action No. 04 C 4901

UNITED STATES of America

                    Defendant.


## ORDER APPROVING SETTLEMENT

On this 20th day of December 2007, the above-referenced matter came on for hearing and

approval by the Court as to the reasonableness of a settlement between the United States of

America, the Estate of Jacqueline Makombe, and the minor children of Jacqueline Makombe.

Plaintiffs appeared through their counsel of record. Innocent Likonga Kasongo appeared in

person on his own claim, as the Special Administrator of the Estate of Jacqueline Makombe,

and as the natural parent, guardian, and next friend of Moise Kasongo, Ange Kasongo, and

Sara Kasongo, minors. Defendant United States of America appeared through its counsel of

record.

The complete and precise terms and conditions of the settlement are set forth in the

Stipulation For Compromise Settlement And Release Of Federal Tort Claims Act

Claims Pursuant To 28 U.S.C. § 2677 (hereinafter "Stipulation") attached hereto as Exhibit

Page 1

"A." The Court has reviewed the Stipulation and heard arguments in favor of this settlement. The Court is fully informed of the specifics of the full and final terms and conditions of the settlement, including the necessity of the approval by the Attorney General of the United States, the availability of sufficient funds in the account established pursuant to 42 U.S.C. § 233(k) to pay the settlement in its entirety. The Court finds that the terms and conditions of this settlement, as set forth in the Stipulation, are fair, reasonable, and in the best interests of the Estate of Jacqueline Makombe, Moise Kasongo, Ange Kasongo, and Sara Kasongo, the minor children of Jacqueline Makombe, deceased, and Innocent Likonga Kasongo.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the settlement, as set forth in Exhibit A, is hereby approved. It is further Ordered that Innocent Likonga Kasongo, as Special Administrator of the Estate of Jacqueline Makombe and as the natural parent, guardian, and next friend of Moise Kasongo, Ange Kasongo, and Sara Kasongo, minors, is authorized and required to sign the Stipulation and any other documents that are necessary to consummate this settlement, and to provide any information and documentation necessary to complete the purchase of annuity contracts.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the settlement amount of $3,900,000.00 (hereinafter "Settlement Amount") shall be distributed according to the terms and conditions of the Stipulation. With respect to the settlement check that will be made payable to the named plaintiffs pursuant to Paragraph 3i(b) of the Stipulation, the Court hereby Orders the plaintiffs to endorse said check over to their attorneys to be deposited by the

attorneys into their client trust account to be used to pay the attorneys' fees, costs, and expenses herein approved and to pay any lien or claim for reimbursement.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that attorneys' fees in this action shall be twenty-five percent (25%) of the Settlement Amount and shall be paid as provided in the Stipulation. The Court finds that the costs and expenses associated with the litigation are $ 74,798 and that such costs and expenses are fair, reasonable, and necessary. It is hereby Ordered that such costs and expenses are approved and are to be paid as provided in the Stipulation. The Court finds and holds that plaintiffs are legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by Medicaid, Medicare, or healthcare providers. The Court hereby Orders plaintiffs, by and through their attorneys, to satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, including Medicaid and Medicare. The Court further Orders that plaintiffs and their attorneys shall provide to the United States the information required by the Stipulation regarding the satisfaction or resolution of such liens or claims for payment or reimbursement within the time specified in said Stipulation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiffs, upon final execution of the Stipulation and within five business days after the plaintiffs receive the settlement check as provided in Paragraph 3.a.i. of the Stipulation, shall file a motion with the District Court for the entry of an Order dismissing this action with prejudice, with each party to the action bearing its own fees, costs and expenses.

UNITED STATES DISTRICT JUDGE

Dated this _20th_ day of _December_ 2007.

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

Innocent Likonga KASONGO, Individually
and as Special Administrator of the
Estate of Jacqueline Makombe, Deceased

Appellee-Plaintiff,

v.                                                    No. 07-3231

UNITED STATES of America

Appellant-Defendant.

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Innocent Likonga KASONGO, Individually
and as Special Administrator of the
Estate of Jacqueline Makombe, Deceased

Plaintiff,

v.                                                    Civil Action No. 04 C 4901

UNITED STATES of America

Defendant.

---

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677**

It is hereby stipulated by and between Innocent Likonga Kasongo, Individually and as the

Special Administrator of the Estate of Jacqueline Makombe, the Estate of Jacqueline Makombe,

Moise Kasongo, Ange Kasongo, and Sara Kasongo (hereinafter collectively referred to as

"Plaintiffs") and the United States of America (hereinafter "United States"), by and through their

respective attorneys, as follows:

Kasongo v. United States,
Stipulation For Compromise Settlement And Release

**Page 1 of 20**

1. The parties to this Stipulation do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action and appeal under the terms and conditions set forth in this Stipulation For Compromise Settlement And Release (hereinafter "Stipulation").

2. This Stipulation is not, is in no way intended to be, and should not be construed as an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed personal injury claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation, including the pending appeal.

3. As a compromise settlement, the United States agrees to pay the sum of Three Million Nine Hundred Thousand Dollars ($3,900,000.00) (hereinafter "Settlement Amount") based upon the terms and conditions set forth in this Paragraph 3, and to dismiss its appeal of the Judgment in Kasongo v. United States, Civil No. 04 C 4901 (ND IL).

a. Within three business days after counsel of record for the United States receives (1) this Stipulation signed by all parties to said document; (2) a court Order approving the settlement on behalf of the Estate of Jacqueline Makombe, Moise Kasongo, Ange Kasongo, and Sara Kasongo; (3) the Social Security numbers or tax identification numbers of plaintiffs and their attorneys and the social security card and birth certificates (or other documentation acceptable to the annuity company or companies issuing the annuity contracts described in Paragraph 3.b., below) on each annuity payee listed in Paragraph 3.b., below; and (4) an authorization by the

Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will send a formal request to the Health Resources and Services Administration, Department of Health and Human Services, requesting that the "Settlement Amount" be expeditiously sent by electronic funds transfer ("EFT") to the ProActive Settlement Solutions, Inc., settlement account. ProActive Settlement Solutions, Inc., agrees to distribute the Settlement Amount, as provided below in Paragraphs 3.a.i. and 3.a.ii., within five business days after ProActive Settlement Solutions, Inc., receives a notice from its bank that the Settlement Amount has been received into said company's settlement account and has received from plaintiffs' counsel the birth certificate and social security card (or other documentation acceptable to the annuity company or companies issuing the annuity contracts described in Paragraph 3.b., below) for Moise Kasongo, Ange Kasongo, and Sara Kasongo.

i. On behalf of plaintiffs, a check in the cash sum of Two Million Two Hundred Fifty Thousand Dollars ($2,400,000.00) (hereinafter "Upfront Cash") made payable to Innocent Kasongo, the Estate of Jacqueline Makombe, Moise Kasongo, Ange Kasongo, and Sara Kasongo, to be mailed to the Torts Branch, Civil Division, United States Department of Justice, to hold until plaintiffs' counsel have filed a motion with the District Court to dismiss this action with prejudice, with each party to bear its own costs, expenses, and fees. With respect to the payment of the Upfront Cash, the plaintiffs stipulate and agree that:

(a) The United States will not sign any annuity application form or uniform qualified settlement form or any equivalent form; nor will the United States pay the Upfront Cash into a qualified settlement fund or its equivalent. Plaintiffs further stipulate and agree that they, their attorneys, Guardian Ad Litem, and their representatives (including any structured settlement

annuity broker, regardless of whether said broker was retained by them or someone else, either before, during, or after the settlement) will not attempt to structure the Upfront Cash in any way, form, or manner, including by placing any of the Upfront Cash into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 3.a.i.(a) precludes the plaintiffs from purchasing standard, non-structured settlement annuities after the plaintiffs have cashed their Upfront Cash settlement check, but they agree that they will not represent to any person, entity, or agency that they are purchasing structured settlement annuities and they agree they will not attempt to purchase such structured settlement annuities.

(b) The plaintiffs will endorse the Upfront Cash check over to their attorneys to be deposited in the attorneys' client trust account to facilitate the disbursement of any amounts authorized by the approving court.

ii. To an annuity company(ies), rated at least A+ by A.M. Best rating service, the sum of One Millions Five Hundred Thousand Dollars ($1,500,000.00) to purchase the annuity contracts described in Paragraph 3.b., below.

iii. The parties agree that any attorneys' fees owed by the plaintiffs in their Federal Tort Claims Act suit against the United States shall not exceed 25% of the Settlement Amount. 28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with any costs and expenses of said action against the United States and any costs, expenses, or fees (including legal fees by any Guardian Ad Litem) associated with obtaining any court approval of this settlement, shall be paid out of the Upfront Cash amount paid pursuant to Paragraph 3.a.i., above, and not in addition thereto. The parties agree that any fees for legal services incurred in this action, and in any court proceedings reviewing the settlement for approval purposes, shall be considered

attorneys' fees and not costs, shall be subject to the provisions of 28 U.S.C. § 2678, and shall be paid out of the Upfront Cash amount paid pursuant to Paragraph 3.a.i., above, and not in addition thereto.

iv. The plaintiffs stipulate and agree that they are legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by private insurance companies, Medicaid, or Medicare, arising from the injuries that are the subject matter of this action. The plaintiffs stipulate and agree that they will satisfy or resolve any and all past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, including private insurance companies, Medicaid, and Medicare. The plaintiffs, their attorneys, and the Guardian Ad Litem represent that, as of the date they sign this Stipulation, they have made a diligent search and effort to determine the identity of any individual or entity that has or may have a lien or claim for payment or reimbursement arising from the injuries that are the subject matter of this action. The plaintiffs and their attorneys agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by the plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder or claimant has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from plaintiffs' attorneys representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder or claimant has waived and released such lien and claim.

b. The United States will purchase the following annuity contracts based upon the terms and conditions set forth below:

i. To Moise Kasongo (DOB 04/14/1991), the sum of $30,000.00 annually for four years certain, beginning June 30, 2009, and ending June 30, 2012; the sum of $50,000.00 on April 14, 2026; the sum of $[?????.00] quarterly for life, with fifty years certain, beginning June 30, 2013, increasing at 3% compounded annually after the first year of payments. In the event that the purchase price of the annuity contract to make these payments has changed by the date of purchase, the annuity payments will be adjusted either upward or downward so the purchase price of the annuity contract shall be neither more nor less than $500,000.00. In the event of the death of Moise Kasongo during any period of certain payments specified in this Paragraph 3.b.i., all remaining certain payments shall be paid to the Estate of Moise Kasongo.

ii. To Ange Kasongo (DOB 11/19/1993), the sum of $35,000.00 annually for four years certain, beginning June 30, 2011, and ending June 30, 2014; the sum of $55,000.00 on November 19, 2028; the sum of $[?????.00] quarterly for life, with fifty years certain, beginning June 30, 2015, increasing at 3% compounded annually after the first year of payments. In the event that the purchase price of the annuity contract to make these payments has changed by the date of purchase, the annuity payments will be adjusted either upward or downward so the purchase price of the annuity contract shall be neither more nor less than $500,000.00. In the event of the death of Ange Kasongo during any period of certain payments specified in this Paragraph 3.b.i., all remaining certain payments shall be paid to the Estate of Ange Kasongo.

iii. To Sara Kasongo (DOB 05/22/1996), the sum of $40,000.00 annually for four years certain, beginning June 30, 2014, and ending June 30, 2017; the sum of $60,000.00 on May 22, 2031; the sum of $[?????.00] quarterly for life, with fifty years certain, beginning June 30, 2018, increasing at 3% compounded annually after the first year of payments. In the event that the purchase price of the annuity contract to make these payments has changed by the date of purchase, the annuity payments will be adjusted either upward or downward so the purchase price of the annuity contract shall be neither more nor less than $500,000.00. In the event of the death of Sara Kasongo during any period of certain payments specified in this Paragraph 3.b.i., all remaining certain payments shall be paid to the Estate of Sara Kasongo.

The annuity contracts being purchased pursuant to this Paragraph 3.b. will be owned solely and exclusively by the United States and will be purchased through ProActive Settlement Solutions, Inc., as specified above in Paragraph 3.a. The parties stipulate and agree that the United States' only obligation with respect to said annuity contracts and any annuity payments therefrom is to purchase the annuity contracts, and they further agree that the United States does not guarantee or insure any of the annuity payments. The parties further stipulate and agree that the United States is released from any and all obligations with respect to the annuity contracts and annuity payments upon the purchase of the annuity contract.

The parties stipulate and agree that the annuity company that issues the annuity contracts shall at all times have the sole obligation for making all annuity payments. The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid

check, a direct deposit, or an electronic deposit, in the amount of such payment to the address or account designated by the party to whom the payment is required to be made under this Stipulation. Payments lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company issuing the payment.

The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties, that no part of any annuity payments called for herein or any assets of the United States are subject to execution or any legal process for any obligation in any manner, and that the plaintiffs shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

Plaintiffs and their guardians, heirs, executors, administrators, or assigns do hereby agree to maintain with the annuity company and the United States a current mailing address, and to notify the annuity company and the United States of the death of any of the payees listed above in this Paragraph 3.b., within ten (10) days of death.

4. Plaintiffs and their guardians, heirs, executors, administrators, and assigns do hereby accept (a) the terms and conditions of this Stipulation, (b) the Settlement Amount set forth above in Paragraph 3, and (c) the dismissal of the appeal in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature (including any claims for wrongful death and any claims for fees, interest, costs, and expenses in the district court and court of appeals) arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which the plaintiffs or their heirs, executors, administrators, or assigns may have or

hereafter acquire against the United States, its agents, servants, and employees (including employees as defined in 42 U.S.C. § 233) on account of the same subject matter that gave rise to the above-captioned action. Plaintiffs and their guardians, heirs, executors, administrators, and assigns do hereby further agree to reimburse, indemnify, and hold harmless the United States and its agents, servants, and employees (including employees as defined in 42 U.S.C. § 233) from and against any and all such claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, right, subrogated interests, or contribution interests sound in tort, contract, or statutory) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

5. This compromise settlement is specifically subject to each of the following conditions:

a. The Attorney General or the Attorney General's designee must approve the terms of the settlement and authorize the attorney representing the United States to negotiate and consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in this Stipulation.

b. The parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The parties must agree to the terms, conditions, and requirements of the Stipulation before counsel for the United States will

seek settlement authority from the Attorney General or the Attorney General's designee.

c. Each of the payees of the annuity contracts described in Paragraph 3.b., above, must be alive at the time the annuity contracts are purchased. In the event of the death of any such payee prior to the date that any of the annuity contracts is purchased, the entire Stipulation and the compromise settlement are null and void.

d. Plaintiffs must obtain at their expense an Order by a court of competent jurisdiction approving the terms of the settlement on behalf of the Estate of Jacqueline Makombe, Moise Kasongo, Ange Kasongo, Sara Kasongo, and any incompetent adult being required to sign this Stipulation. The terms of any such Order must be approved by the Department of Justice's Torts Branch (FTCA Staff) prior to being submitted to any reviewing Court and said Order signed by such Court cannot be changed by the Court or parties without the prior written consent of the Torts Branch (FTCA Staff). Plaintiffs agree to obtain any such court Order in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event any such court Order is not obtained with respect to each person being required to sign this Stipulation in a timely manner. In the event plaintiffs fail to obtain any such court Order or any such Order they obtain fails to comply with the terms and conditions of this Paragraph 5.d, the entire Stipulation and the compromise settlement are null and void. The plaintiffs must obtain any such court Order before counsel for the United States will seek settlement authority from the Attorney General or the Attorney General's designee.

e. Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statutory, or otherwise) that any alleged tortfeasor, including the co-defendant in this action and its insurance carrier, if any, has or may have in the future against the

United States, its agents, servants, and employees (including employees as defined in 42 U.S.C. § 233) arising out of the subject matter of the above-captioned action. The United States will provide the form of Release and Waiver to be used by the plaintiffs. The plaintiffs must obtain such releases and waivers before counsel for the United States will seek settlement authority from the Attorney General or the Attorney General's designee.

f. In the event there are any currently known liens or claims for payment or reimbursement, including any liens or claims by Medicaid or Medicare, arising out of the subject matter that gave rise to the above-captioned action, whether disputed as legally valid or not, plaintiffs must obtain a release and waiver from any State, private entity, or private individual who claims to have such lien or claim. For purposes of this Stipulation, such lien or claim includes but is not limited to, a claim or cause of action for reimbursement for any payments made to or on behalf of the plaintiffs or a claim or cause of action for reimbursement for any goods or services provided or furnished to or on behalf of the plaintiffs. The United States will provide the form of Release and Waiver to be used by the plaintiffs. Prior to counsel for the United States seeking approval from the Attorney General or his designee, the plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.f., or (ii) a written representation by plaintiffs' counsel stating, after a diligent search of his law firm's records and files and of the plaintiffs' personal records and files, that no such liens or claims are currently known to exist.

g. The payment of the Settlement Amount is subject to the availability of sufficient funds in the special account for community health center settlements and judgments to pay the entire Settlement Amount at one time. 42 U.S.C. § 233(k).

Kasongo v. United States,
Stipulation For Compromise Settlement And Release
**Page 11 of 20**

6. Subject to the terms and conditions set forth in Paragraph 3.a., above, plaintiffs' attorneys agree to distribute the Upfront Cash paid pursuant to Paragraph 3.a.i., above, to the plaintiffs after paying or resolving any lien or claim for reimbursement or payment for which plaintiffs have agreed to be legally responsible under the terms of this Stipulation. Plaintiffs' attorneys further agree that upon final execution of this Stipulation and within five business days after the plaintiffs receive the settlement check as provided in Paragraph 3.a.i. of the Stipulation, they shall cause to be filed in the United States District Court for the Northern District of Illinois a motion for an Order dismissing this action with prejudice, with each party to the action bearing its own fees, costs, and expenses.

7. The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

8. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this _____ day of _____, 2007.
UNITED STATES OF AMERICA

By: _____
Roger D. Einerson
Assistant Director
Torts Branch, Civil Division
United States Department of Justice
Attorneys for Defendant,
United States of America

Executed this _____ day of _____, 2007.
PLAINTIFFS' ATTORNEY

_____
David James Pritchard
Salvi, Schostok & Pritchard P.C.
Attorneys for Plaintiffs, Innocent Likonga Kasongo,
Individually and as the Special Administrator of the
Estate of Jacqueline Makombe, the Estate of Jacqueline Makombe,
Moise Kasongo, Ange Kasongo, and Sara Kasongo

Executed this _____ day of _____, 2007
THE ESTATE OF JACQUELINE MAKOMBE

By: _____

Innocent Likonga Kasongo, Special Administrator
of the Estate of Jacqueline Makombe

Executed this _____ day of _____, 2007.
INNOCENT LIKONGA KASONGO

_____

Innocent Likonga Kasongo

Executed this _____ day of _____, 2007.
MOISE KASONGO, A MINOR

By: _____

Innocent Likonga Kasongo, as parent and
next friend of Moise Kasongo, a minor

Executed this _____ day of _____, 2007
ANGE KASONGO, A MINOR

By: _____

       Innocent Likonga Kasongo, as parent and
       next friend of Ange Kasongo, a minor

Executed this _____ day of _____, 2007.
SARA KASONGO, A MINOR

By: _____
        Innocent Likonga Kasongo, as parent and
        next friend of Sara Kasongo, a minor

Executed this _____ day of _____, 2007.
PROACTIVE SETTLEMENT SOLUTIONS, INC.


By:        _____
          Deryck Henry